**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TOLGA BALIK | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT |
| BLITT AND GAINES, P.C. and CREDIT ACCEPTANCE CORPORATION | JURY TRIAL DEMANDED |
| Defendants. | |

**COMPLAINT**

NOW COMES the Plaintiff, TOLGA BALIK ("Tolga"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendants, BLITT AND GAINES, P.C. ("Blitt") and CREDIT ACCEPTANCE CORPORATION ("CAC") as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action for damages for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2.      This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA) and 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4.　　Tolga is a natural person who resides in the Northern District of Illinois and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

5.　　At all times relevant to the action, Blitt was an Illinois law firm with its principal office located at 661 Glenn Avenue, Wheeling, Illinois 60090.

6.　　Blitt is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

7.　　At all times relevant to the action, CAC was a Michigan corporation with its principal office located at 25505 West Twelve Mile Road, Southfield, Michigan 48034 and its registered agent in Illinois is Illinois Corporation Service C, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

8.　　CAC is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

## FACTS SUPPORTING CAUSE OF ACTION

9.　　CAC has been attempting to collect, from Tolga, an alleged consumer debt in the amount of $7,744.98.

10.　　On March 21, 2013, Blitt, on behalf of CAC, filed a complaint in the Circuit Court of Cook County, Illinois against Tolga. The case was captioned *Credit Acceptance Corporation v. Tolga Balik* case number 2013 M1 119170 ("Collection Case"). *See* Exhibit A, a true and correct copy of the Collection Case court docket.

11.　　Blitt filed the Collection Case at the Richard J. Daley Center Courthouse. *Id.*

2

12.     The Richard J. Daley Center Courthouse serves Cook County's First Municipal District. *See* Exhibit B, a true and correct copy of a map of the Circuit Court of Cook County Municipal Districts and Courthouses.

13.     Civil matters that do not meet the damages threshold to be filed in the Law Division of the Circuit Court of Cook County are assigned to the Circuit Court's Civil/Municipal Division.

14.     Cases filed in the First Municipal District are identified by the abbreviation "M1."

15.     Tolga resides at 5200 Carriageway Drive, #202, Rolling Meadows, Illinois 60008.

16.     Rolling Meadows, Illinois is located in Cook County, but is located within the Circuit Court of Cook County's Third Municipal District. *Id.*

17.     The Rolling Meadows Courthouse is the courthouse that serves the Circuit Court of Cook County's Third Municipal District. *Id.*

18.     The Richard J. Daley Center Courthouse is 25 miles from Tolga's home.

19.     In contrast, the Rolling Meadows Courthouse is 3.8 miles from Tolga's home.

20.     In order for Tolga to travel to the Rolling Meadows Courthouse from his home, he would merely have to drive on West Euclid Avenue and park in the free parking lot at the Rolling Meadows Courthouse.

21.     According to Google Maps, the trip would take about 6 minutes.

22.     In order for Tolga to travel to the Richard J. Daley Center Courthouse, he must take Interstate 90 East to Chicago, locate expensive parking for his vehicle, and make his way there either on foot or via taxi.

23.     According to Google Maps, this trip will take 36 minutes excluding the time spent in traffic, locating parking, and then actually making the trek to the Richard J. Daley Center Courthouse upon arrival to downtown Chicago.

24.     The courthouse closest to Tolga's home is the Rolling Meadows Courthouse.

25.     On November 7, 2013, Defendants caused an ex-parte judgment to be entered against Tolga in the Collection Case. *See* Exhibit A.

## COUNT I -- VIOLATION OF THE FDCPA AGAINST BLITT

26.     Tolga repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27.     The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

28.     15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

29.     15 U.S.C. §1692i(a)(2) of the FDCPA prohibits *any legal action* brought by a debt collector in a location other than where the contract was signed or where the consumer resides.

30.     Blitt violated 15 U.S.C. §1692i(a)(2) when it caused an ex-parte judgment to be entered in the Collection Case against Tolga on November 7, 2013 at the Richard J. Daley Center Courthouse, a location some 21.2 miles further from Tolga's home than the Rolling Meadows Courthouse.

31.     The closest courthouse to Tolga's home is the Rolling Meadows Courthouse.

32.     Blitt sued Tolga, on behalf of CAC, at a remote courthouse in order to discourage him from appearing and defending the Collection Case.

33.     Blitt's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

WHEREFORE, Plaintiff, TOLGA BALIK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.  awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

d.  awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II -- VIOLATION OF THE FDCPA AGAINST CAC

34.     Tolga repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

35.     The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

36.     15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

37.     15 U.S.C. §1692i(a)(2) of the FDCPA prohibits *any legal action* brought by a debt collector in a location other than where the contract was signed or where the consumer resides.

38.     CAC violated 15 U.S.C. §1692i(a)(2) when it directed Blitt to cause an ex-parte judgment to entered in the Collection Case against Tolga on November 7, 2013 at the Richard J. Daley Center Courthouse, a location some 21.2 miles further from Tolga's home than the Rolling Meadows Courthouse.

39.     The closest courthouse to Tolga's home is the Rolling Meadows Courthouse.

40.     CAC directed Blitt to sue Tolga at a remote courthouse in order to discourage him from appearing and defending the Collection Case.

41.     CAC's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

WHEREFORE, Plaintiff, TOLGA BALIK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.  awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

d.  awarding any other relief as this Honorable Court deems just and appropriate.


Dated:  October 31, 2014                    Respectfully Submitted,

                                            /s/ Matthew H. Hector
                                            Matthew H. Hector, Esq. ARDC #6283058
                                            *Counsel for Plaintiff*
                                            Sulaiman Law Group, Ltd.
                                            900 Jorie Blvd, Ste 150
                                            Oak Brook, IL 60523
                                            Phone (630)575-8181
                                            Fax: (630)575-8188