# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Tolga Balik, | ) | |
|        Plaintiff, | ) | Case No:  14 C 8702 |
| | ) | |
|        v. | ) | |
| | ) | Judge Kennelly |
| Blitt and Gaines, P.C., | ) | |
|        Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Tolga Balik has sued the law firm of Blitt and Gaines, P.C. (Blitt) under the Fair Debt Collection Practices Act (FDCPA).   In March 2013, Blitt filed a lawsuit against Balik to collect a debt she allegedly owed to Credit Acceptance Corporation.   At that time and at all relevant times after that, Balik resided in the Circuit Court of Cook County's Third Municipal District, which is served by the courthouse in Rolling Meadows, Illinois.   Blitt filed the suit in the First Municipal District, which is served by the Daley Center courthouse in downtown Chicago.   A judgment was entered against Balik in November 2013.

Balik alleges that Blitt violated section 1691i of the FDCPA.   Section 1692i, as relevant here, says that "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action."   15 U.S.C. § 1692i(a)(2).   At the time Blitt filed the lawsuit against Balik, the Seventh Circuit had interpreted this provision as permitting a suit against a Cook County consumer anywhere within the county.   *See Newsom v. Freeman*, 76 F.3d 813 (7th Cir. 1996).   In July 2014, however, the court, sitting *en banc*, overruled *Newsom*, in a case involving "township courts" in Indiana counties.   *See Suesz v. Med-One Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc).   The court ruled that the statutory term "judicial district or similar legal entity" is defined as "the smallest geographic area relevant to venue in the court system in which the case is filed."   *Id.* at 643.   Balik argues this means Blitt was required to file and

pursue its suit in the Third Municipal District of the Circuit Court of Cook County, not the First Municipal District.

Blitt has filed a motion to dismiss under Rule 12(b)(6). Its primary argument is that Balik is estopped from bringing this suit because he filed for bankruptcy in January 2014 and did not declare his potential claim against Blitt as an asset and in fact denied that he possessed any valuable legal claims. Blitt supports its motion by a series of documents filed in Balik's bankruptcy case that were not part of his complaint in this case. Although a Rule 12(b)(6) motion concerns tests the legal sufficiency of the plaintiff's complaint, the Seventh Circuit has said that a court may take judicial notice of matters in the public record in resolving a motion to dismiss under Rule 12(b)(6), *see, e.g., Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003), and Balik does not argue otherwise. An affirmative defense like estoppel also typically is not an appropriate subject for a Rule 12(b)(6) motion, because a plaintiff is not required to anticipate and plead around defenses. *See, e.g., Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.2d 930, 935 (7th Cir. 2012). But if the plaintiff's complaint—or here, the complaint plus the matters of public record appropriately taken into account—establishes all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is proper. *Id.*

Judicial estoppel is an equitable doctrine that protects the integrity of the courts. *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001); *Matter of Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990). It prevents a party from prevailing in a proceeding based on a particular stance and then taking a contradictory stance in a second proceeding and prevailing there as well. *Williams v. Hainje*, 375 F. App'x 625, 627 (7th Cir. 2010). Applied in the bankruptcy context, the doctrine typically prevents a debtor who concealed the existence of a valuable claim and benefitted from the bankruptcy proceeding from later recovering on the undisclosed claim. *See, e.g., Biesek v. Soo Line R. Co.*, 440 F.3d 410, 412 (7th Cir. 2006); *Matthews v. Potter*, 316 F. App'x 518, 522 (7th Cir. 2009). If, however, the evidence shows that the nondisclosure was inadvertent or mistaken, the court need not apply an estoppel. *New Hampshire*, 532 U.S. at 753; *Williams*, 375 F. App'x at 628.

It is undisputed that Balik did not disclose his potential claim against Blitt to the bankruptcy court and that he obtained an order of discharge in late April 2014. Balik says, however, that when those events took place, under the law of this circuit—specifically the *Newsom* case—Blitt would not have run afoul of the FDCPA by filing suit against Balik in the First Municipal District. For this reason, Balik argues that he "did not have a claim against Blitt" until July 2014, when the Seventh Circuit decided *Suesz*, and that at the very least he had no knowledge that he had a viable claim against Blitt. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss at 3-4.

The first of Balik's arguments is incorrect. His FDCPA claim based on Blitt's filing of the lawsuit in the First Municipal District accrued when the lawsuit was filed. The claim might have had little value at that point, but it cannot be said that Balik "did not have a claim" against Blitt.

Balik's second point, however, has merit. As the Court has indicated, a mistaken or non-knowing nondisclosure need not result in application of estoppel. *See New Hampshire*, 532 U.S. at 753 ("it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake") (internal quotation marks omitted); *Williams*, 375 F. App'x at 628. Given the rather unusual circumstances regarding the 180-degree turnaround in the law that took place several months after Balik's bankruptcy concluded, the Court finds that application of judicial estoppel to bar Balik's claim would be inequitable and declines to dismiss the claim on that basis.

That, however, is not the end of the story. Because Balik's claim is based on events that took place before she filed for bankruptcy even though the claim arguably had little value at that point—in other words, it is a pre-petition claim, not a post-petition claim—Balik is not the owner of the claim. Rather, it is owned by the bankruptcy trustee. *See, e.g., Kleven v. Walgreen Co.*, 373 F. App'x 608, 610 (7th Cir. 2010); *In re Polis*, 217 F.3d 899, 902 (7th Cir. 2000). Thus Balik lacks standing to prosecute the claim. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) ("the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims"); 11 U.S.C. § 541(a).

The Court need not dwell on this point, however, because any claim based on Blitt's filing of the lawsuit against Balik is time-barred.   A suit under the FDCPA must be brought "within one year from the date on which the violation occurs."   15 U.S.C. § 1692k(d).   The violation alleged in the complaint in its current form—bringing legal action in the wrong venue—occurred when Blitt filed suit against Balik in March 2013.   Balik did not file his FDCPA suit until October 31, 2014, more than one year after the alleged violation.

Balik attempts to avoid the limitations bar by saying that Blitt's obtaining of the judgment against him in November 2013 was a separate violation of section 1692i(a), making the present suit timely.   The statute, however, makes it a violation to "bring[ ] any legal action" in the wrong venue.   By no stretch of the language can filing a motion for a default judgment, or obtaining a default judgment, in an already-pending case constitute "bringing any legal action."   To do so would read the word "bring" out of the statute. Balik cites no case that suggests otherwise.   He relies on *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994), but the court in that case addressed not an action taken within a pending lawsuit, but rather the filing of a writ of garnishment to collect on a previously-obtained judgment.   The court noted that the term "debt" under the FDCPA includes obligations reduced to judgment, and it in effect determined that the debt collector's application for a writ of garnishment constituted bringing a legal action on that debt.   *Id.* at 1515.   Whether or not that was a correct interpretation of the FDCPA, it does not support Balik's contention that Blitt's taking steps to obtain a judgment within the context of the case it had already filed constituted an independent violation of the FDCPA. *Blakemore v. Pekay*, 895 F. Supp. 972 (N.D. Ill. 1995), the other case upon which Balik relies, is likewise inapposite.   That case, similar to *Fox*, involved an application to a court to obtain a wage deduction order to enforce a previously-entered judgment.   *See id.* at 982-93.   That is not is what at issue in the present case, at least under Balik's complaint in its present form.   Thus even if *Fox* and *Blakemore* correctly describe what it means to "bring any legal action"—a question the Court need not address—they do not assist Balik. The claim he alleges in his complaint, even if he owns it, is time-barred.

4

For these reasons, the Court grants Blitt's motion to dismiss. The Court notes that in his response brief, Balik suggests that he could amend to assert a claim based on Blitt's post-bankruptcy filing of a writ of garnishment, also in the First Municipal District. Blitt argues otherwise. The Court declines to address this putative claim at this juncture, because Blitt has not yet asserted it. The Court will give Balik an opportunity to amend if he wishes to do so. Any amended complaint must be filed by March 3, 2015. The status hearing set for February 23, 2014 is vacated and reset to March 5, 2015 at 9:00 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: 2/21/2015