**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TOLGA BALIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14 C 8702 |
| ) | |
| BLITT AND GAINES, P.C., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Tolga Balik has sued Defendant Blitt and Gaines, P.C., a law firm, alleging that Blitt violated the venue provision of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692i(a), when it initiated a wage garnishment proceeding in accordance with the Illinois Wage Deduction Act, 735 ILCS 5/12–801, to collect on a prior judgment it had obtained against Balik. Blitt has moved to dismiss Balik's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court grants Blitt's motion to dismiss for the reasons stated below.

### Background

The Court takes the following facts from Balik's complaint, accepting them as true for purposes of the present motion. *See Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014). In March 2013, Blitt filed suit against Balik on behalf of Credit Acceptance Corporation in the Circuit Court of Cook County to collect an outstanding consumer debt. *Credit Acceptance Corp. v. Tolga Balik*, 2013-M1-

119170 (Cir. Ct. of Cook Cty., Ill.). Balik lives in Rolling Meadows, Illinois, which is located within the Circuit Court of Cook County's Third Municipal District; in fact, the Third District courthouse is in Rolling Meadows. But rather than filing suit there, Blitt filed in the First Municipal District, roughly twenty-five miles away in downtown Chicago. The state court entered a default judgment against Balik in November 2013. Blitt then filed a wage deduction affidavit in the same district in December 2013, seeking to garnish the wages owed to Balik by his employer.

Under the FDCPA, "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such an action only in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a). A lawsuit alleging a violation of the FDCPA must be filed "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

Prior to July 2014, the Seventh Circuit defined "judicial district or similar legal entity" as the Illinois Circuit Courts, not the intra-county districts used to determine venue in Cook County. *Newsom v. Friedman*, 76 F.3d 813, 820 (7th Cir. 1996). More than one year after Blitt filed the initial debt collection action against Balik, the Seventh Circuit overruled *Newsom*, reinterpreting "judicial district or similar legal entity" to mean the "smallest geographic area that is relevant for determining venue in the court system in which the case is filed." *Suesz v. Med–1 Solutions, LLC*, 757 F.3d 636, 638 (7th Cir. 2014) (en banc).

Balik initiated this suit against Blitt in October 2014, alleging that Blitt's debt collection action violated the FDCPA's venue provision. Blitt moved to dismiss pursuant

2

to Federal Rule of Civil Procedure 12(b)(6).  Because the suit was time barred, and because *Suesz* did not revive expired FDCPA claims, this Court dismissed Balik's complaint with leave to amend.  *Balik v. Blitt and Gaines, P.C.*, No. 14-cv-08702, 2015 WL 764013 (N.D. Ill. Feb. 21, 2015).

The one-year statute of limitations period had not run, however, on a potential FDCPA challenge arising from the garnishment proceeding that Blitt initiated after obtaining judgment against Balik.  On March 3, 2015, Balik filed an amended complaint in the present case alleging that Blitt violated the FDCPA's venue provision by bringing the garnishment proceeding in the First Municipal District rather than the Third Municipal District.

Blitt now moves to dismiss Balik's complaint for failure to state a claim on the ground that the wage garnishment proceeding was not a "legal action on a debt against [a] consumer."  15 U.S.C. § 1692i(a).

## Discussion

When considering a motion to dismiss for failure to state a claim, the Court accepts the allegations in a plaintiff's complaint as true and draws reasonable inferences in the plaintiff's favor.  *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014).  To state a claim, a plaintiff must provide "enough facts to state a claim to relief that is viable on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which means the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The dispute between these two parties is a narrow one.  Balik alleges that the

3

garnishment affidavit that Blitt filed to initiate the garnishment proceeding was a "legal action on a debt against [a] consumer" and that Blitt initiated the proceeding in the wrong district. Blitt agrees that an affidavit for wage garnishment is a "legal action on a debt" within the meaning of the FDCPA, and it also agrees that the affidavit was not filed in a judicial district in which Balik signed the contract sued upon or in which he resides. Blitt and Balik part ways, however, on whether the wage garnishment proceeding is "against [a] consumer." Blitt argues that a wage garnishment proceeding is not against the consumer but instead is an action against the consumer's employer. Balik, on the other hand, contends that a wage garnishment proceeding is a "hybrid action" against both the consumer and his employer and therefore must meet the FDCPA's venue requirements.

The FDCPA does not offer its own definition of "against any consumer." *See Smith v. Solomon & Solomon, P.C.*, 714 F.3d 73, 75 (1st Cir. 2013) ("The text of the FDCPA provides no definition of that phrase and thus no guidance on the issue."). As a result, courts seeking to determine whether a garnishment proceeding is "against any consumer" within the meaning of the FDCPA have looked to the nature of such proceedings under the law of the state in which the particular proceeding was instituted. *See, e.g.*, *Smith*, 714 F.3d at 75; *Pickens v. Collection Servs. of Athens, Inc.*, 165 F. Supp. 2d 1376, 1380 (M.D. Ga. 2001), *aff'd sub nom.*, *Pickens v. Collection Servs.*, 273 F.3d 1121 (11th Cir. 2001); *Schuback v. Law Offices of Phillip S. Van Embden, P.C.*, No. 1:12-cv-320, 2013 WL 432641, at *5–6 (M.D. Pa. Feb. 1, 2013); *Adkins v. Weltman, Weinberg & Reis Co., L.P.A.*, No. 2:11-cv-00619, 2012 WL 604249, at *4–7 (S.D. Ohio Feb. 24, 2012). If a state treats its wage garnishment proceedings as being "against"

4

the judgment debtor, the debtor can challenge a garnishment proceeding for violating the FDCPA venue provision. *See, e.g., Adkins*, 2012 WL 604249, at *6. If, instead, the state treats its wage garnishment proceedings as being "against" only the debtor's employer, then the FDCPA venue provision does not protect the debtor.

Most courts that have considered this issue have determined that the FDCPA venue provision does not apply to garnishment proceedings. In *Smith*, the First Circuit examined the Massachusetts wage garnishment statute and determined that proceedings under the statute are against a debtor's employer. The court reasoned that although the Massachusetts statute provides for notice to the debtor and grants the debtor the opportunity to participate, a garnishment proceeding requires issuance of summons to the employer, an answer by the employer, and liability of the employer on the resulting judgment. *See Smith*, 714 F.3d at 76; *see also* Mass. R. Civ. P. 4.2(b). The court concluded: "There is no doubt that the debtor has an interest in the proceeding; she must be given notice of the hearing and an opportunity to contest the attachment. Fundamentally, however, a Massachusetts trustee process action is geared toward compelling the trustee to act, not the debtor." *Smith*, 714 F.3d at 76. Likewise, the Eleventh Circuit has held that garnishment under Georgia law is against the employer, not the debtor. *Pickens*, 165 F. Supp. 2d at 1380. *See also Schuback*, 2013 WL 432641, at *5–6 (New Jersey garnishment proceedings are against the employer); *Hageman v. Barton*, No. 4:13-cv-2522 (CEJ), 2014 WL 5320265 (E.D. Mo. Oct. 17, 2014) (Illinois garnishment proceedings are against the employer).

Few courts have held otherwise. Some of these courts have done so by simply concluding that a garnishment proceeding is a "legal action on a debt" and therefore

5

capable of activating the FDCPA's venue provision, never considering the question at issue here, namely whether these proceedings are "against [a] consumer." *See Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Blakemore v. Pekay*, 895 F. Supp. 972, 983 (N.D. Ill. 1995) ; *Smith v. Kramer & Frank, P.C.*, No. 4:09cv802 FRB, 2009 WL 4725285 (E.D. Mo. Dec. 2, 2009). Only one court has directly considered the question presented in this case, namely whether a garnishment proceeding is an action "against [a] consumer"; the court held that the FDCPA applies to garnishment proceedings because "[o]nly the judgment creditor and the judgment debtor have any beneficial interest at stake in a garnishment action," whereas the employer "has no claim to the money garnisheed [sic]." *Adkins*, 2012 WL 6064249, at *6. But *Adkins* dealt with a garnishment proceeding in Ohio, a state whose garnishment statute by its terms makes a judgment debtor a party to a garnishment proceeding against the debtor's employer. *See* Ohio R.C. § 2716.03 (defining garnishment as "against a judgment debtor"); *see also Smith*, 714 F.3d at 77 n.4 (analyzing the Ohio statute); *Johnson v. Blitt & Gaines, P.C.*, No. 14-cv-10009, 2015 WL 4100481 (N.D. Ill. Jul. 7, 2015) (same).

Illinois's approach to wage garnishment, on the other hand, places its focus squarely on the judgment debtor's employer. Under Illinois law, wage garnishment proceedings are considered supplementary proceedings designed to enforce an already entered judgment. 735 ILCS 5/2–1402(a). The general provisions of the Illinois Code of Civil Procedure apply to wage deduction proceedings except as otherwise provided by other statutes specifically governing wage garnishment actions. 735 ILCS 5/1–108(a)–(b). Illinois Supreme Court Rule 277 further governs wage garnishment actions,

6

and to the extent it governs procedure, it controls. 735 ILCS 5/1–108(b); *In re Riverwoods Park Dist.*, 247 Ill. App. 3d 702, 706, 617 N.E. 2d 464, 467 (1993).

In several recent cases in this district, courts have addressed the question at issue in this case by analyzing Illinois case law, Supreme Court Rule 277, and Article XII of the Illinois Code of Civil Procedure. *See Hayward v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 9030, 2015 WL 4572347 (N.D. Ill. Jul. 29, 2015); *Johnson*, 2015 WL 4100481; *Edmondson v. Blitt & Gaines, P.C.*, No. 14 C 10010, 2015 WL 3852178 (N.D. Ill. Jun. 19, 2015); *Henderson v. Blitt & Gaines, P.C.*, No. 14 C 10007, 2015 WL 3856110 (N.D. Ill. Jun. 19, 2015); *Etro v. Blitt & Gaines, P.C.*, No. 14 C 8924, 2015 WL 1281521 (N.D. Ill. Mar. 18, 2015); *Henciek v. Law Office of Keith Shindler*, No. 14 C 7149 (N.D. Ill. Mar. 3, 2015); *Jackson v. Blitt & Gaines, P.C.*, No. 14 C 8625 (N.D. Ill. Feb. 18, 2015). These courts have uniformly concluded that Illinois law treats garnishment proceedings as actions against the employer, not, as Balik suggests, as actions against both the employer and the consumer.

This Court agrees. Illinois has long considered wage garnishment to be a proceeding against the debtor's employer, not against the underlying judgment debtor, as other courts considering this question have pointed out. *See, e.g.*, *Johnson*, 2015 WL 4100481, at *4; *Etro,* 2015 WL 1281521, at *3; *McDermott v. Barton*, No. 14-cv-704-NJR-PMF, 2014 WL 6704544 (S.D. Ill. Nov. 26, 2014) (collecting cases). Moreover, Illinois has devised a statutory scheme for wage garnishment that effectively treats the judgment creditor as the plaintiff and the judgment debtor's employer as the defendant. *See Johnson*, 2015 WL 4100481, at *5–6; *Edmondson*, 2015 WL 3852178, at *2–3. Illinois Supreme Court Rule 277 expressly differentiates between supplementary

7

proceedings brought against judgment debtors and those brought against third parties, prescribing different venue rules for each and undermining Balik's argument that garnishment is a "hybrid action" against both the judgment debtor and his employer. *See* Ill. Sup. Ct. R. 277(d); *Hayward*, 2015 WL 4572347, at *2. In fact, Rule 277 states that "[a] supplementary proceeding against a third party *must* . . . be commenced in a county of this State in which the party against whom it is brought resides." Ill. Sup. Ct. R. 277(d). In other words, when a garnishment proceeding is brought against the employer, Illinois law requires it to be brought where the employer resides, irrespective of the residence of the judgment debtor. This, too, indicates that the proceeding is against the employer, not the judgment debtor.

The Illinois Wage Deduction Act likewise places the central focus of garnishment on the employer. The law requires issuance of the summons in a garnishment action to the employer (without any demand to the judgment debtor), imposing a duty on the employer to respond to interrogatories under oath. 735 ILCS 5/12–805–806. The employer may be held liable to the creditor for the entire balance on the judgment if it fails to comply. *Id.* 12–808(f). The judgment that results is entered against the employer, not the debtor. *Id.* 12–808(b). And if the judgment debtor seeks to participate in the garnishment proceeding, the debtor may only litigate the issue of wage exemption and may not litigate the validity of the debt owed. *Id.* 12–811(b). *See also Johnson*, 2015 WL 4100481, at *5–6; *Hayward*, 2015 WL 4572347, at *2–3; *Henderson*, 2015 WL 3856110, at *2–3.

Balik insists that case law that predates the 1990 amendments to the Illinois Wage Deduction Act is of no relevance in light of the amendments' focus on providing

notice to judgment debtors. Balik is right to point out that the 1990 amendments were concerned with providing due process to judgment debtors and that Blitt is wrong to rely on *Roy v. Smith*, 735 F. Supp. 313 (C.D. Ill. 1990), for the incorrect proposition that Illinois currently does not require giving a judgment debtor notice and an opportunity to be heard in a garnishment proceeding. But ensuring that a judgment debtor receives due process is not equivalent to making a judgment debtor a party against whom a creditor brings a garnishment proceeding. *See Johnson*, 2015 WL 4100481, at *6. And, as explained above, even with those notice provisions in place, the Illinois Wage Deduction Act continues to treat these proceedings as "against" the third party employer.

Finally, Balik contends that the primary reason his FDCPA venue challenge should proceed is that the underlying default judgment was entered in an improper venue. Balik explains that he was "denied his day in court. Unable to pursue a claim based on the filing of the collection lawsuit, Balik's only means of protecting his rights as a consumer is to bring a claim based on the filing of the garnishment action." Pl.'s Resp. to Def.'s Mot. to Dismiss at 4. Balik cites the Federal Trade Commission's commentary on the FDCPA, which states that "if a judgment is obtained in a forum that satisfies the requirements of this section, it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum." Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,109 (Dec. 13, 1988). Accordingly, Balik claims that the principal purpose of the FDCPA—to protect consumers from defending debt collections in distant venues—will be frustrated

by allowing Blitt's garnishment proceeding to escape FDCPA scrutiny.

The Court disagrees. The debtor sued in a venue other than his home venue is adequately protected by the FDCPA, at least so long as—unlike Balik—he files a timely suit. But nothing in the FDCPA suggests that the judgment creditor must keep coming back to the debtor's home district to levy on assets to collect a judgment when those assets (like the wage payments Balik's employer owed him) are located somewhere else. Furthermore, if Balik were right, then a judgment creditor in Illinois would be effectively precluded from collecting its judgment via wage garnishment if the judgment debtor worked someplace outside his home court district. *See Smith*, 714 F.3d at 77 (noting that under such approach, "it would be impossible for a debt collector to enforce a prior judgment . . . unless the judgment debtor happened to reside or to have signed the underlying contract in the same county in which the trustee had a usual place of business").

It may be, as Balik points out, that he could not have maintained a viable FDCPA claim in March 2013 based on Blitt's filing of suit in an improper venue, due to the then-controlling holding of *Newsom*. Yet the fact remains that this would have been the proper method of "punish[ing] Blitt for proceeding against Balik in the wrong venue." Pl.'s Resp. to Def.'s Mot. to Dismiss at 5. The FDCPA offers consumers protection against being forced to defend a debt collection action in a distant forum, but only within the framework Congress provided. *See Edmondson*, 2015 WL 3852178, at *4 ("Allowing a plaintiff who fails to bring an action within the guidelines set forth in § 1692k(d) to then make a § 1692i(a)(2) claim after the creditor obtained a lawful judgment on the debt and initiated a garnishment proceeding against the debtor's

employer to enforce that judgment would essentially toll the statute of limitations that Congress established for venue challenges under § 1692i(a)(2).").

## Conclusion

For the foregoing reasons, the Court grants defendant's motion to dismiss for failure to state a claim [dkt. no. 20]. Because it is clear, based on the dismissal of Balik's original and amended complaints, that he cannot state a viable claim, the Court directs the Clerk to enter judgment in favor of the defendant.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 14, 2015